IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

                Plaintiff,

v.                                  Case No.  14-cv-299-bbc

IN RE THE ESTATE OF CHARLES
CONNORS (Deceased)
c/o Attorney Jennifer F. Valenti
P.O. Box 1111
Brookfield, WI 53008-1111

and

AMY E. REARDON
610 Third Street E
Ashland, WI 54806

UNKNOWN HEIRS AND DEVISEES OF
CHARLES E. CONNORS,

UNKNOWN OWNERS AND NON-
RECORD CLAIMANTS

DISCOVER BANK
c/o James E. Kachelski
Messerli & Kramer PA
3033 Campus Drive – Suite 250
Plymouth, MN 55441

RESURGENCE FINANCIAL LLC
c/o Attorney Robert I. Dorf
6980 N. Port Washington Road – Suite 204
Milwaukee, WI 53217-3900

BAD RIVER BAND OF LAKE SUPERIOR
TRIBE OF CHIPPEWA INDIANS
c/o Attorney Erick J. Arnold
72682 Maple Street
P.O. Box 39
Odanah, WI 54861-0039,

                Defendants.

## AMENDED FINDINGS OF FACT AND CONCLUSIONS OF LAW

The above matter coming before the Court to be heard, Honorable Barbara B. Crabb, United States District Judge for the Western District of Wisconsin, presiding without a jury, on November 12, 2014, the Plaintiff, United States of America ("Plaintiff"), having appeared by its attorney, the Office of the United States Attorney for the Western District of Wisconsin, and no appearance having been made on behalf of the Defendants herein, other than Discover Bank, except as may be noted on the record; the Clerk of the United States District Court for the Western District of Wisconsin having duly entered the default of said Defendants; and the Plaintiff having filed a Notice of Application for Default and Motion for Judgment on the Pleadings, with accompanying Declarations; and it further appearing that due notice of application and motion for judgment has been made to the Defendants, and the Court having heard the matter and fully advised in the premises, therefore makes and files the following findings of fact and conclusions of law constituting its decision in this action.

## Findings of Fact

1. The allegations of the complaint are proven true.

2. As of November 12, 2014, there is now due and owing to the United States by virtue of said Note and Mortgage, the following amounts: See Attachment A.

3. The United States has incurred the following costs in this action: See Attachment A.

4. No proceedings have been had at law or otherwise for the recovery of the sum secured by said note and mortgage.

5. The leasehold mortgage premises are located at Lot 56 Aspen Acres Subdivision, Odanah, Wisconsin, and are more particularly described as:

> Lot 56 of Aspen Acres Subdivision Phase II, located within S½ SE¼ Section 15, Township 47 North, Range 2 West, 4th P.M., Ashland County, Wisconsin, containing .56 acres, more or less, subject to all valid existing rights-of-way of record.

6. The leasehold mortgaged premises are abandoned.

7. Due notice of the pendency of this action was duly filed, after the filing of the Complaint in this action, on the filing of the Notice of Lis Pendens on April 28, 2014, and more than twenty (20) days prior to the trial of this action, in the Office of the Register of Deeds for Ashland County, Wisconsin, in the manner and form required by law.

## Conclusions of Law

1. Plaintiff is entitled to judgment of foreclosure and sale in the usual form, as prayed for in Plaintiff's Complaint, and in accordance with the above findings of fact.

2. A Notice of Lawsuit and a copy of the Complaint were served by mail upon Defendants Estate of Charles E. Connors, Amy Reardon, Resurgence Financial, LLC, and Bad River Band of Lake Superior Tribe of Chippewa Indians, and each defendant has executed a Waiver of Personal Service.

3. Defendants Unknown Heirs and Devisees of Charles E. Connors, and Unknown Owners and Non-Record Claimants were served by publication.

4. All Defendants, other than Defendant Discover Bank, have failed to appear, plead, or otherwise defend herein within the time allowed and are therefore in default.

5. The time for answering said complaint has expired; no answer or other response or appearance has been served on or received by Plaintiff's attorney from or made by Defendants other than Discover Bank; and the Clerk of Court has duly entered the default of all Defendants, other than Discover Bank.

6. Defendant Discover Bank responded to the Complaint with a Claim for Surplus Proceeds.

7. Defendant Discover Bank does not does not contest the United States' claim in this case but claims entitlement to any surplus proceeds of the sale of the

4

subject property and demands that Judgment of Foreclosure and Sale provide for payment of such proceeds to Discover Bank.

8. Plaintiff is entitled to recover from Defendants the following sum:

See Attachment A.

9. Deficiency judgment is not being sought in this action.

10. Sale of the property shall be conducted by or under the direction of the United States Marshal for the Western District of Wisconsin. The leasehold mortgaged premises shall be sold at auction only to the Secretary of the Department of Housing and Urban Development, or to a purchaser who has the written consent of the Bad River Band of Lake Superior Tribe of Chippewa Indians, with the net proceeds applied to the judgment herein pursuant to regulation. Notice of sale shall be made by publication in <u>The Ashland Daily Press</u>, the newspaper published in the City of Ashland, County of Ashland, State of Wisconsin.

11. Defendants and all their heirs, and all persons claiming under them shall be forever barred and foreclosed of all right, title, interest, and equity of redemption in said mortgaged premises so sold.

12. The proceeds from the sale of the leasehold mortgaged property shall be applied as follows:

    a. To the costs and expenses of the sale;

    b. To the payment of the costs and disbursements taxed in this action;

    c. In order of priority, toward the discharge of the debt adjudged to by the Court to be due;

    d. To pay the surplus, if any, into the Court for Defendant Discover Bank and any other Defendant or other person entitled to the surplus, subject to the order of the Court.

Now, on application of the United States Attorney for the Western District of Wisconsin, attorney for Plaintiff,

IT IS ORDERED that judgment of foreclosure and sale of the mortgaged premises, in the usual form as provided by and in accordance with the above findings of fact and conclusions of law, be entered in this action.

Dated this 13th day of November, 2014.

                                       BY THE COURT:

                                       *Barbara B Crabb*
                                       BARBARA B. CRABB
                                       United States District Judge