IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

          Plaintiff,

v.                                                                  Case No.  14-cv-299-bbc

IN RE THE ESTATE OF CHARLES
CONNORS (Deceased)
c/o Attorney Jennifer F. Valenti
P.O. Box 1111
Brookfield, WI 53008-1111

and

AMY E. REARDON
610 Third Street E
Ashland, WI  54806

UNKNOWN HEIRS AND DEVISEES OF
CHARLES E. CONNORS,

UNKNOWN OWNERS AND NON-
RECORD CLAIMANTS

DISCOVER BANK
c/o James E. Kachelski
Messerli & Kramer PA
3033 Campus Drive – Suite 250
Plymouth, MN  55441

RESURGENCE FINANCIAL LLC
c/o Attorney Robert I. Dorf
6980 N. Port Washington Road – Suite 204
Milwaukee, WI 53217-3900

BAD RIVER BAND OF LAKE SUPERIOR
TRIBE OF CHIPPEWA INDIANS
c/o Attorney Erick J. Arnold
72682 Maple Street
P.O. Box 39
Odanah, WI 54861-0039,

                        Defendants.

## AMENDED JUDGMENT OF FORECLOSURE AND SALE

The above action coming on to be heard on the 12th day of November, 2014, the Office of the United States Attorney for the Western District of Wisconsin, appearing for the plaintiff, United States of America ("Plaintiff"), and due proof having been made and filed showing service of the Summons and Complaint herein on all of the defendants, unless service of the summons was waived, in which case a signed waiver form has been filed with the court for said defendants, and it appearing by the declaration of Barbara L. Oswald, Assistant United States Attorney, Office of the United States Attorney for the Western District of Wisconsin, that the time for answering the Complaint has expired, that no answer or other response has been served upon or received by Plaintiff's attorney from any of the Defendants, other than Discover Bank, and that notice of application and motion for judgment was mailed to each of the defendants herein, and a certificate of service by mail was filed with the Clerk of the United States District Court for the Western District of Wisconsin; and it further appearing by due proof that due notice of the pendency of this action was duly filed in the Office of the Register of Deeds for Ashland County on April 24, 2014, said notice

2

being filed subsequent to the filing of the Complaint herein in the Office of the Clerk of this Court, and more than twenty (20) days prior to the trial of this action; and proofs of the matters and things alleged in the Complaint and the computation of the amounts due Plaintiff having been duly taken in open court, and the Court having filed its Findings of Fact and Conclusions of Law;

Now therefore, on application of the Office of the United States Attorney for the Western District of Wisconsin, attorney for Plaintiff,

1. IT IS HEREBY ORDERED that there is now due and owing to Plaintiff as of and including November 12, 2014, the following sums:

See Attachment A.

2. IT IS FURTHER ORDERED that the leasehold mortgaged premises located in the County of Portage, State of Wisconsin, and described more particularly as:

> Lot 56 of Aspen Acres Subdivision Phase II, located within S½ SE¼ Section 15, Township 47 North, Range 2 West, 4th P.M., Ashland County, Wisconsin, containing .56 acres, more or less, subject to all valid existing rights-of-way of record

shall be sold at public auction in the County or Ashland, State of Wisconsin, by or under the direction of the United States Marshal for the Western District of Wisconsin, only to the Secretary of the Department of Housing and Urban Development, or to a purchaser who has the written consent of the Bad River Band of Lake Superior Tribe of Chippewa Indians.

3.  IT IS FURTHER ORDERED that in case of sale pursuant hereto, the United States Marshal shall give public notice of the time and place of such sale in the manner provided by law, and that publication of said notice be made in <u>The Ashland Daily Press</u>, a newspaper published in the City of Ashland, County of Ashland, State of Wisconsin; that the Marshal shall allow either or any of the parties to this action to purchase at such sale the above-described premises; that the Marshal shall file with the Clerk of this Court his report of said sale; and shall also immediately after said sale deposit the proceeds thereof, after deducting the costs and expenses of the sale unless otherwise ordered by the Court; that said United States Marshal may accept from the purchaser at such sale, as a deposit or down payment upon the same, not less than ten percent (10%) of the purchase price, in which case such amount shall be so deposited as above provided, and the balance of the sale price shall be paid to the United States Marshal's Service by said purchaser at such sale, upon confirmation thereof; that the Marshal, upon compliance on the part of the purchaser with the terms of such sale as required by law, shall make and execute to said purchaser a deed to the premises so sold, as above described, stating the price paid therefor; that the United States Marshal shall deliver such deed to said purchaser, upon compliance by said purchaser with the terms of such sale, and the payment by him of any balance of the sale price to be paid; that the United States Marshal shall thereupon pay from the proceeds of said sale all claims superior to Plaintiff as determined by the Court and to Plaintiff the following sum: see Attachment A, the amount of said judgment, together with interest on all of said sums from the date of judgment at the rate set forth in 28 U.S.C. § 1961(a), or so

much thereof as the monies derived from the sale of said premises will pay the same, and take receipts therefore; and that the surplus money, if any, shall be subject to the further order of the Court.

4. IT IS FURTHER ORDERED that the proceeds from the sale of the leasehold mortgaged property shall be applied as follows:

    a. To the costs and expenses of the sale;

    b. To the payment of the costs and disbursements taxed in this action;

    c. In order of priority, toward the discharge of the debt adjudged to by the Court to be due;

    d. To pay the surplus, if any, into the Court for Defendant Discover Bank and any other Defendant or other person entitled to the surplus, subject to the order of the Court.

5. IT IS FUTHER ORDERED that if the proceeds of such sale be insufficient to pay the amounts aforesaid, said United States Marshal shall specify the amount of said deficiency in his report of sale.

6. IT IS FURTHER ORDERED that upon confirmation of sale of the mortgaged premises, the purchaser or purchasers, or his or their heirs, representatives or assigns, be let into possession of the premises sold, upon production of the Marshal's deed thereto or duly authenticated copy thereof; that each and every one of the parties to this action who may be in possession of said premises, and every other person who since the filing of notice of the pendency

of this action has come into possession of the same or any part thereof under them or either of them shall deliver to such grantee or grantees named in such deed possession of the mortgaged premises, and that a writ of assistance issue if necessary to secure such possession.

7. IT IS FURTHER ORDERED that the defendants and each of them, their heirs, successors and assigns; and all persons claiming under them or either of them after the filing of notice of the pendency of this action, be forever barred and foreclosed of all right, title, interest, and equity of redemption in said mortgaged premises.

8. IT IS FURTHER ORDERED that Plaintiff may pay any taxes or insurance premiums on said mortgaged premises now due or which shall hereafter become due before the sale thereof and have a lien on said premises for the amount so paid with interest on all of said sums from the date of judgment at the rate set forth in 28 U.S.C. § 1961(a); and that in the event any such payments are made, Plaintiff may obtain an order at the foot of this judgment directing that the amounts so paid, with interest, be likewise paid from the proceeds of the sale or redemption of said mortgaged premises.

9. IT IS FURTHER ORDERED that the defendants and all persons claiming under them be and they are hereby enjoined from committing waste upon said mortgaged premises and from doing any other act that may impair the value of the same.


Dated this 13th day of November, 2014

BY THE COURT:

*Barbara B Crabb*

BARBARA B. CRABB
United States District Judge
Western District of Wisconsin

Entered at Madison, Wisconsin, this 14th day of November, 2014.

PETER OPPENEER
Clerk of Court
United States District Court
Western District of Wisconsin